UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER,

    Plaintiff,                                                                    Civil Action No. 14-cv-10539

vs.                                                                        HON. BERNARD A. FRIEDMAN

LLOYD W. RAPELJE, et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

and

**ORDER VACATING ORDER REFERRING
PRETRIAL MATTERS TO MAGISTRATE JUDGE**

and

**ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE DISMISSED**

        This matter is presently before the Court on defendants' motion to dismiss [docket entry 42]. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that defendants' motion be granted in part and denied in part. Neither party has objected to the R&R and the objection period has expired.

        The Court has had an opportunity to review this matter and believes the R&R should be adopted only to the extent that it dismisses plaintiff's claims against defendant Funston. The Court shall reject the magistrate judge's recommendation not to dismiss the claims against the remaining defendants. The Court shall also vacate the order referring pretrial matters to the magistrate judge [docket entry 35]. At this time, the Court will not decide whether to dismiss the claims against the remaining defendants until plaintiff has had an opportunity to provide the Court

with additional information on the following two issues.

First, the Court has reviewed plaintiff's complaint, which makes a multitude of scattered claims against 20 defendants in 199 paragraphs (49 pages). It is not the number of defendants, paragraphs, or pages that is problematic, but rather the fact that plaintiff's complaint fails to provide a short and plain statement as to *each claim* against *each defendant*. As such, plaintiff must show cause why the complaint should not be stricken for failure to comply with Fed. R. Civ. P. 8(a)(2), which states that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and Fed. R. Civ. P. 8(d)(1), which states that "[e]ach allegation must be simple, concise, and direct." Plaintiff must respond to this aspect of the show cause order by either (1) filing an amended complaint that addresses the problems identified; or (2) filing a brief no longer than seven pages that explains conformance with Fed. R. Civ. P. 8(a)(2) and (d)(1).

Second, plaintiff alleges in a footnote to his complaint that he has "exhausted all available administrative remedies under the MDOC's grievance policy, PD-03.02 130." Compl. ¶ 194 n.1. Rule 11(b)(3) of the Federal Rules of Civil Procedure states that when a party signs a pleading, he or she is "certif[ying] that to the best of the person's knowledge, information, and belief, . . . the factual contentions have evidentiary support[.]" The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As such, the Court hereby requires plaintiff to provide the following information for *each* MDOC grievance filed pertaining to the allegations in the complaint:

2

1. A copy of the initial Prisoner Grievance Form

2. A copy of any and all correspondence regarding Step I Grievance (i.e., decision, response, letter, receipt, etc.)

3. A copy of the Prisoner Grievance Appeal Form appealing Step I Grievance

4. A copy of any and all correspondence regarding Step II Grievance (i.e., decision, response, letter, receipt, etc.)

5. A copy of the Prisoner Grievance Appeal Form appealing Step II Grievance

6. A copy of any and all correspondence regarding Step III Grievance (i.e., decision, response, letter, receipt, etc.)

Plaintiff has until June 2, 2015, to respond to this show cause order.

SO ORDERED.

                            S/ Bernard A. Friedman_____
                            BERNARD A. FRIEDMAN
                            SENIOR UNITED STATES DISTRICT JUDGE

Dated:  May 6, 2015
       Detroit, Michigan